■    In the Matter of the Arbitration between MARVA CARLOS, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Order, entered on February 1, 1965, granting respondent MVAIC's motion for a permanent stay of arbitration, unanimously reversed, on the law and on the facts, with $30 costs and disbursements to claimant-appellant, and the motion denied.   This is an arbitration proceeding instituted against MVAIC, pursuant to subdivision 2-a of section 167 of the Insurance Law.   Claimant, a passenger, had been injured following a collision between the automobile in which she was riding and a truck.   The claim against MVAIC was predicated on claimant's receipt of a written denial of liability from the insurer of the truck owner which stated that the truck was being operated without the insured's permission or consent at the time of the accident.   MVAIC argued that the denial of liability by the insurer was not a "disclaimer" within the meaning of the Insurance Law (§ 167, subd. 8).   Upon MVAIC's application to vacate the demand for arbitration, Special Term ordered a preliminary jury trial of whether the truck had been operated without the owner's consent or permission.   The jury returned a special verdict answering this question in the negative and Special Term entered an order permanently staying the arbitration.   On similar operative facts this court, in a carefully reasoned opinion, ruled as a matter of law that such a denial of liability by the insurer constituted a disclaimer within the meaning of the statute (*Matter of Rivera* [*MVAIC*], 22 A D 2d 201).   In that case Mr. Justice STEUER, on behalf of the court, observed that the insurer's letter purported to assert only that its insured had a good defense, but that in effect the letter was a disclaimer on the ground of denial of coverage of the accident (pp. 203–204).   For that reason, it was concluded that the letter was a disclaimer within the meaning of the statute.   So, in this case, the insurer's letter spoke purportedly on behalf of its insured and stated that he had a good defense, but the effect too was a denial of coverage of the accident in suit.   Consequently, no triable issue remained to refer to the jury and staying the arbitration was error.   Concur — Breitel, J. P., Rabin, Eager, Steuer and Witmer, JJ.

■    In the Matter of SALES CONSULTANTS, INC., Appellant, v. JOSEPH C. DI CARLO, as Commissioner of Licenses of the City of New York, Respondent.— Judgment denying petitioner's application for a license for the operation of an employment agency in the City of New York, unanimously reversed, on the law and on the facts, with $50 costs to petitioner-appellant, and the matter remanded to respondent for reconsideration of said application in accordance herewith.   We agree with respondent's contention that he is not limited, in rejecting applications because of unsuitability of the name under which the agency is proposed to be operated, to those instances which are set out in the statute.   But we are not in accord with his determination that any use of the word "consultant" is proscribed.   In proper context the word is fitting and an absolute ban is therefore arbitrary.   If it appears that a proposed name is intended to mislead or misinform, it may well be within the power of the respondent to reject an application for an employment agency license.   However, "counselling services" are within the statutory definition of an employment agency.   (General Business Law, § 171, subd. 2, par. [b].) In light of this, the proposed name or some substitute name which may include the concept of consultation should be reconsidered.   Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.   [46 Misc 2d 402.]

■    In the Matter of SEYMOUR KREISEL, an Attorney.— Motion for reinstatement to the Bar granted.   Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.